## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LAURA A. LIMBRICK,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE TREASURY,
　　　　　　Agency.

DOCKET NUMBER
DA-0752-21-0293-I-1

DATE: April 27, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kristopher K. Ahn, Esquire, Houston, Texas, for the appellant.

Bridgette Gibson, Esquire, and Shelley Poe, Esquire, Dallas, Texas, for the
　　agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1　　　　The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      On petition for review, the appellant does not challenge the administrative judge's finding that her appeal was untimely filed. Petition for Review (PFR) File, Tab 9 at 5-16. Rather, she challenges the merits of her underlying removal and raises several arguments regarding good cause for her filing delay. *Id.* at 5-16, 47. The appellant repeats her argument about being displaced from her home and dealing with her child's hospitalization. *Id.* at 14, 20-23; Initial Appeal File (IAF), Tab 7 at 1, 4, Tab 11 at 4-7. She also raises new timeliness arguments. The appellant maintains that her receipt of the decision letter was not sufficient notice of her Board appeal rights due to her medical condition affecting her vision in one eye, and that her "partial blindness" affected her ability to file an appeal. PFR File, Tab 1 at 14, 19, 23. She argues that the filing deadline is not jurisdictional and that the agency would not be prejudiced if the Board waived the deadline. *Id.* at 15. Finally, she asserts that she acted "promptly and without delay" in filing her appeal once she found her letter. *Id.* at 16.

¶3      The appellant also submits new evidence in support of her timeliness argument, namely documents concerning the presidential declaration of a national emergency concerning Covid-19 and notices of the relaxing of certain administrative procedures by the Texas Supreme Court and the U.S. Department

of Labor due to the pandemic. PFR File, Tab 9 at 25-36. Although the appellant referred generally to "Stay at Home orders" during the Covid-19 pandemic in her timeliness response, IAF, Tab 11 at 6, her representative argues on review that her filing deadline should have been stayed as of March 1, 2020, when the national emergency was declared, PFR File, Tab 9 at 15-16.

¶4    Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the close of the record below despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *see also Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (stating that the Board generally will not consider a new argument raised for the first time on review absent a showing that it is based on new and material evidence). The appellant offers no explanation why she did not submit this evidence or raise these new arguments in her timeliness response. PFR File, Tab 9 at 14-16; IAF, Tab 11. The fact that the appellant has a new representative on review is not grounds to consider argument and evidence that was not raised during the pendency of the appeal. PFR File, Tab 9 at 47. In any event, none of these arguments support a finding of good cause for the filing delay.

¶5    The appellant has provided no basis for disturbing the initial decision. The administrative judge considered the relevant factors and made reasoned findings that the appellant failed to establish good cause to waive the filing deadline. IAF, Tab 19, Initial Decision (ID) at 3-9; *see Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). Although the appellant was pro se during the pendency of her appeal, a 15-month[2]

---

[2] The administrative judge correctly found that the deadline to file an initial appeal was March 2, 2020. ID at 3. However, he incorrectly calculated the length of the filing delay as 464 days. *Id.* The appellant's June 7, 2021 initial appeal was filed 462 days after the filing deadline. However, this discrepancy is immaterial. The appellant has failed to show that her appeal was timely or that good cause existed for the significant delay of over 15 months.

delay is lengthy.  *See Smith v. Department of the Army*, 110 M.S.P.R. 50, ¶ 10 (2008) (stating that a filing delay of 15 months is significant).  As noted by the administrative judge, the appellant offered no explanation why, if she moved back to her home in January 2021, she did not file her appeal until June 2021.  ID at 4.  The appellant's statement on review that she "finally unloaded her suitcases that she was living out of for the past two years and found the January 29, 2020 termination letter" does not demonstrate due diligence in challenging her removal.  PFR File, Tab 9 at 14; *see Moorman*, 68 M.S.P.R. at 63.  Similarly, the appellant's conclusory argument about the Covid-19 pandemic provides no explanation why she was unable to file an appeal until June 2021, but able to do so at that time while the pandemic was ongoing.  PFR File, Tab 9 at 15-16.

¶6       The administrative judge correctly noted that the appellant first claimed that the agency had not provided her with the removal decision letter, but later submitted a copy of it into the record and acknowledged receiving the letter during a meeting with management.  ID at 5; IAF, Tab 1 at 16, Tab 7 at 6-10, Tab 11 at 5.  On review, she maintains that she was given "no instructions for appeal," but instead was "only given [the decision letter] and escorted out of the building."  PFR File, Tab 1 at 21.  However, the decision letter explicitly provides detailed information regarding Board appeal rights.  IAF, Tab 7 at 8-9.  Despite her representative's argument that her partial blindness in one eye affected her ability to read the decision letter and the Board appeal rights, the appellant does not raise this issue in her signed statement, instead maintaining that she did not understand that the letter was a removal decision.  *Id.* at 14, 19, 21-22.  The appellant has set forth no facts that could support a finding of good cause due to illness or incapacity.  *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998) (setting forth the factors a party must establish to demonstrate that an untimely filing was the result of illness or incapacity).  Finally, regarding the appellant's argument that the Board should waive her untimely filing because the issue of timeliness is not jurisdictional, her citation to

a U.S. Supreme Court case concerning the adjudication of veterans' benefit claims before the Department of Veterans Affairs is not relevant to the Board's regulations concerning timeliness and waiver for good cause shown. PFR File, Tab 9 at 15 (citing *Henderson v. Shinseki*, 562 U.S. 428 (2011)); 5 C.F.R. § 1201.22(b)-(c).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.